IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON I. MACK,           : | |
|     Petitioner    : | |
|     v.              : | Case No. 3:22-cv-184-KAP |
| ERIC TICE, WARDEN,  : | |
| S.C.I. SOMERSET,      : | |
|     Respondent   : | |

### Memorandum Order

The petition for a writ of habeas corpus, ECF no. 5, is denied without a certificate of appealability. The Clerk shall mark this matter closed. This is a final appealable judgment.

Petitioner Aaron Mack is serving a life sentence that Judge Tamara Bernstein imposed on Mack on May 23, 2017 at Commonwealth v. Mack, Case No. CP-11-CR-1673-2016 (C.P.Cambria). A jury trial in the Court of Common Pleas of Cambria County had convicted Mack on April 12, 2017 of first degree murder for the killing of Daron Shamburger. Petitioner filed a federal habeas petition dated October 13, 2022 with neither a filing fee nor a motion to proceed *in forma pauperis* on October 18, 2022. The filing fee was eventually received in early February 2023.

Petitioner then sought a stay under Rhines v. Weber, 544 U.S. 269, 276-78 (2005), on the grounds that petitioner realized his petition contained unexhausted claims and he wanted to exhaust them. ECF no. 7. I denied petitioner's motion, ECF no. 8, because my review indicated that petitioner's collateral attack on his conviction had been dismissed by the trial court in December 2020, the Superior Court had affirmed that dismissal in October 2021, and there were no pending proceedings in state court. The petition was served and the respondent submitted a response, ECF no. 12, containing the state court records. Review of them shows that the court cannot consider the merits of the claim in the petition because the petition is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) contains a statute of limitations at 28 U.S.C.§ 2244(d) that, with limited exceptions, requires a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to be filed within one year of the date the petitioner's judgment of sentence becomes final:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review

1

or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1)(A)-(D). That 1-year limitations period is tolled when a properly filed application for state collateral review is "pending." 28 U.S.C. § 2244(d)(2). Collateral proceedings in Pennsylvania proceed under its Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*

As noted above, Mack was sentenced in May 2017. Mack was represented at trial by Richard Corcoran, Esquire and Paul Mentzer, Esquire, and in the direct appeal by Richard Corcoran, Esquire. The counseled direct appeal resulted in the Superior Court affirming the conviction and sentence on December 27, 2018 at Commonwealth v. Mack, No. 1459 WDA 2017 (Pa.Super. December 27, 2018). The Pennsylvania Supreme Court denied Mack's counseled petition for allowance of appeal on July 31, 2019 at Commonwealth v. Mack, No. 32 WAL 2019 (Pa. July 31, 2019). The 90-day period for filing a petition for a writ of certiorari in the Supreme Court expired on October 29, 2019. At that point Mack's sentence became a final judgment for purposes of AEDPA and its one-year limitations period began running. Martin v. Horn, 187 F.3d 333, 337 (3d Cir. 1999).

On or about June 12, 2020, Mack's undated *pro se* PCRA petition was received in the trial court. (Mack uses June 12, 2020 as the date of that petition in his procedural history at Paragraph 4 of his federal petition.) The trial court appointed David Beyer, Esquire, as counsel, and Beyer filed an amended petition. Judge Bernstein held an evidentiary hearing on October 13, 2020, at which time Mack presented only argument based on the trial transcript. By Order dated October 26, 2020, the trial court denied the PCRA petition on the merits, explaining its reasoning in the Rule 1925 opinion filed in support of the judgment when Mack pursued a counseled appeal. The Superior Court affirmed the trial court's denial of relief on the merits on October 25, 2021. Commonwealth v. Mack, 1318 WDA 2020 (Pa.Super. October 25, 2021). Mack did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. His collateral attack therefore ceased to be pending no later than November 24, 2021.

Mack's federal habeas petition, accepting October 13, 2022 as the date of the petition's filing, is untimely by several months. Mack's judgment of conviction was final in October 2019, and approximately seven months of AEDPA's one-year limitations

period ran until Mack filed his timely PCRA petition in June 2020. The limitations period was tolled by the pending collateral attack until November 2021, and then ran for approximately another ten months before the earliest date in October 2022 that the federal habeas petition can be considered filed.

No principle of equitable tolling saves the petition. The Supreme Court recognizes equitable tolling of the limitations period in habeas cases if petitioner can show extraordinary circumstances, that is: 1) petitioner has been pursuing his rights with reasonable diligence and some extraordinary circumstance (such as serious attorney misconduct) prevented the timely filing of the petition, Holland v. Florida, 560 U.S. 631, 649 (2010); or 2) petitioner offers a "credible" or "convincing" claim of actual innocence. McQuiggin v. Perkins, 569 U.S. 383 (2013). Neither ground appears here.

A certificate of appealability should not be issued unless a habeas petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in Slack v. McDaniel, 529 U.S. 473, 484 (2000), that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

A substantial showing is not synonymous with success: a petitioner need only show that jurists of reason would debate the correctness of the district court's denial of a habeas petition. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Hickox v. Superintendent Benner Twp. SCI, 2020 WL 6437411, at *1 (3d Cir. Oct. 29, 2020). At the same time, it is more than good faith or the absence of frivolity on the part of the petitioner. Miller-El v. Cockrell, 537 U.S. at 338. No certificate is issued because there is no reasonable debate that the habeas petition is not timely.

DATE: June 29, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Aaron I. Mack MZ-8159
S.C.I. Somerset
1590 Walters Mill Road
Somerset, PA 15510